**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SAM DONG OHIO, INC., *et al.*,**

**Plaintiffs,**

**v.**

**Case Number 2:25-cv-1364**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**THE HANOVER INSURANCE COMPANY,**

**Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Judgment on the Pleadings. (ECF No. 15.) Defendant The Hanover Insurance Company responded in opposition (ECF No. 17), and Plaintiffs replied in support (ECF No. 18). For the reasons below, the Court **DENIES** Plaintiffs' Motion. (ECF No. 15.)

**BACKGROUND**

**I. Factual Background**

This is an insurance coverage dispute between Plaintiffs Sam Dong Ohio, Inc., Mark Watkins, Tracy Pabst, and Randy Kaiser and Defendant The Hanover Insurance Company ("Hanover") regarding Hanover's duty to defend and indemnify Plaintiffs in underlying litigation. (ECF No. 1.) Plaintiffs attached insurance policies and documents from the underlying litigation to their Complaint. These attachments are mentioned throughout Plaintiffs' Complaint and are central to Plaintiffs' declaratory judgment claim at issue here. Therefore, the Court will consider those documents as part of the pleadings for the purposes of the instant motion. *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016) (Rose, J.) (citing Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c)).

**A. Insurance Policies**

Hanover sold a series of claims-made insurance policies to Sam Dong Ohio for policy periods from (1) June 1, 2018, to June 1, 2019, (2) June 1, 2019, to June 1, 2020, (3) June 1, 2020, to June 1, 2021, and (4) June 1, 2021, to June 1, 2022. (ECF No. 1, ¶¶ 11, 12, 13, 30, 39; ECF No. 11, ¶¶ 11, 12, 13, 30, 39; ECF Nos. 1-1, 1-2, 1-3, 1-4.) Each policy named Sam Dong Ohio as an insured entity. (ECF No. 1-1, PageID 37; ECF No. 1-2, PageID 141; ECF No. 1-3, PageID 248; ECF No. 1-4, PageID 354.) Several terms in those policies are relevant here.

The Employment Practices Liability Coverage Part provides that Hanover "will pay on behalf of the Insured, Loss which the Insured is legally obligated to pay due to an Employment Claim . . . first made against the Insured during the Policy Period, or the Extended Reporting Period if applicable." (ECF No. 1-1, PageID 67; ECF No. 1-2, PageID 173; ECF No. 1-3, PageID 280; ECF No. 1-4, PageID 383.) "Loss" includes defense expenses and the amount the Insured is legally obligated to pay as a result of a Claim, including monetary judgments and awards or settlements. (ECF No. 1-1, PageID 69; ECF No. 1-2, PageID 175; ECF No. 1-3, PageID 282; ECF No. 1-4, PageID 385.) "Employment Claim" is defined as:

> Any:
> 1. Written demand first received by an Insured for monetary or non-monetary relief including a written demand for reinstatement, reemployment, re-engagement or injunctive relief;
> 2. Civil proceeding commenced by the service of a complaint or similar pleading;
>
> . . .
>
> 4. Formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document, including a proceeding before the Equal Employment Opportunity Commission or any similar governmental agency;
>
> . . .
>
> which is brought and maintained by or on behalf of a past, present or prospective Employee or Independent Contractor of an Insured Entity against an Insured for an Employment Wrongful Act, including any appeal therefrom.

(ECF No. 1-1, PageID 68; ECF No. 1-2, PageID 174; ECF No. 1-3, PageID 281; ECF No. 1-4, PageID 384.) And "Employment Wrongful Act" means any actual or alleged discrimination, retaliation, or wrongful termination, among other things. (ECF No. 1-1, PageID 68; ECF No. 1-2, PageID 174; ECF No. 1-3, PageID 281; ECF No. 1-4, PageID 384.)

Further, "all Related Claims will be considered as a single Claim made in the Policy Period or Extended Reporting Period in which the earliest of such Related Claims was first made or first deemed to have been made pursuant to the applicable Coverage Part." (ECF No. 1-1, PageID 27; ECF No. 1-2, PageID 131; ECF No. 1-3, PageID 238; ECF No. 1-4, PageID 344.) "Related Claims" are "all Claims based upon, arising from or in any way related to the same facts, circumstances, situations, transactions, results, damage or events or the same series of facts, circumstances, situations, transactions, results, damages or events." (ECF No. 1-1, PageID 69; ECF No. 1-2, PageID 175; ECF No. 1-3, PageID 282; ECF No. 1-4, PageID 385.)

Finally, the policies include the following reporting provision:

> A. An Insured shall provide the Insurer with written notice as soon as practicable after the Chief Executive Officer, Chief Financial Officer, President, In-House General Counsel, any person of the human resources department or any person with the responsibility for the management of insurance claims, or any equivalent position, of an Insured Entity becomes aware of a Claim, but in no event later than:
> 1. Ninety (90) days after the effective date of expiration or termination; or
> 2. The expiration date of the Extended Reporting Period, if applicable.
>
> . . .
>
> B. Notwithstanding paragraph A. immediately above, solely with respect to an Employment Claim that is brought as a formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document, an Insured shall give written notice during the Policy Period or, if applicable, no later than:
> 1. One hundred eighty (180) days after the end of the Policy Period if this Coverage part is renewed;
> 2. Ninety (90) days after the effective date of expiration or termination if this Coverage Part is not renewed with the Insurer and no Extended Reporting Period is purchased; or
> 3. The expiration date of the Extended Reporting Period, if elected.

(ECF No. 1-1, PageID 73–74; ECF No. 1-2, PageID 179–80; ECF No. 1-3, PageID 286–87; ECF No. 1-4, PageID 389–90.)

**B. Underlying State-Court Litigation**

On January 25, 2019, Scott Ekleberry, through counsel, sent a demand letter and a litigation hold letter to Sam Dong Ohio ("January 2019 Letters"). (ECF No. 1, ¶ 48; ECF No. 11, ¶ 48; ECF No. 1-5.) The demand letter states that Mr. Ekleberry worked as a quality engineer for Sam Dong Ohio and alleges that Sam Dong Ohio wrongfully terminated him on October 29, 2018, for various absences from work due to his Crohn's Disease. (ECF No. 1-5, PageID 444.) The letter further provides that Mr. Ekleberry intends "to assert disability discrimination claims for disparate treatment, failure to accommodate, and failure to engage in the interactive process in good faith." (*Id.* PageID 445.) The letter concludes by stating that if Sam Dong Ohio or its counsel "wish[es] to discuss amicably settling this dispute prior to [Mr. Ekleberry] filing a lawsuit," they should contact Mr. Ekleberry's counsel by February 15, 2019. (*Id.*) In the litigation hold letter, Mr. Ekleberry "places the Company on notice of potential litigation" and details "the preservation efforts [] request[ed] of the Company." (*Id.* PageID 446.)

On August 14, 2019, Mr. Ekleberry filed a Charge of Discrimination against Sam Dong Ohio with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission, alleging violations of the Americans with Disabilities Act based on disability discrimination and retaliation for requesting a reasonable accommodation. (ECF No. 1, ¶ 57; ECF No. 11, ¶ 57; ECF No. 1-6.)

On May 11, 2020, Sam Dong Ohio provided a Renewal Business Application to Hanover, which stated that "[a]n ex-employee, Scott A. Ekleberry (Mr. Ekleberry) has filed a charge of discrimination against Sam Dong Ohio, Inc. (Sam Dong) with the Ohio Civil Rights

Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC)." (ECF No. 1, ¶¶ 100–01; ECF No. 11, ¶¶ 100–01; ECF No. 1-11, PageID 512.) Sam Dong Ohio wrote that documentation can be provided upon request. (ECF No. 1-11, PageID 513.)

On October 9, 2020, Mr. Ekleberry filed a lawsuit against Sam Dong Ohio, Mark Watkins, and Tracy Pabst in the Court of Common Pleas for Delaware County, Ohio. (ECF No. 1, ¶ 63; ECF No. 11, ¶ 63; ECF No. 1-8.) In that action, Mr. Ekleberry alleged that the defendants fired him for absences from work due to his Crohn's Disease and refused to accommodate him, thereby engaging in unlawful disability discrimination. (ECF No. 1-8.) On August 10, 2021, Mr. Ekleberry filed a First Amended Complaint in the Delaware County Action, adding Randy Kaiser as a defendant. (ECF No. 1, ¶¶ 77–78; ECF No. 11, ¶¶ 77–78; ECF No. 1-9.) On April 19, 2022, Mr. Ekleberry dismissed the Delaware County Action in its entirety, without prejudice to refile. (ECF No. 1, ¶ 90.)

On May 20, 2022, Mr. Ekleberry sued Sam Dong Ohio, Randy Kaiser, Mark Watkins, and Tracy Pabst in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1, ¶¶ 91, 95; ECF No. 11, ¶¶ 91, 95; ECF No. 1-10.) In the Franklin County Action, Mr. Ekleberry again alleges that the defendants terminated his employment for absences caused by his Crohn's Disease and refused to accommodate him. (ECF No. 1-10.)

**C. Hanover's Denials of Coverage**

On September 16, 2021, Hanover denied coverage for the Charge of Discrimination, the original Complaint in the Delaware County Action, and the First Amended Complaint in the Delaware County Action. (ECF No. 1, ¶ 106; ECF No. 11, ¶ 106; ECF No. 1-12.) Plaintiffs requested that Hanover reconsider its coverage denial on two occasions, and Hanover denied those requests. (ECF No. 1, ¶¶ 107–10; ECF No. 11, ¶¶ 107–10; ECF Nos. 1-13, 1-14.)

## II. Procedural Background

Plaintiffs initiated this action in November 2025, bringing claims for declaratory judgment, breach of contract, and breach of good faith and fair dealing against Hanover. (ECF No. 1.) In February 2026, Plaintiffs moved for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), asking the Court to issue seven of the eight declaratory judgments they seek in their Complaint. (ECF No. 15, PageID 584–85; *see* ECF No. 1, ¶ 113.) Hanover responded in opposition (ECF No. 17), and Plaintiffs replied in support (ECF No. 18).

Then, in July 2026, Hanover also moved for judgment on the pleadings under Rule 12(c), asking the Court to enter judgment in its favor on all counts. (ECF No. 22.) Plaintiffs responded in opposition (ECF No. 23), and Hanover replied in support (ECF No. 26).

This decision addresses Plaintiffs' Motion for Partial Judgment on the Pleadings (ECF No. 15). Hanover's Motion for Judgment on the Pleadings (ECF No. 22) remains pending and will be addressed by a separate Opinion and Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "When the plaintiff, as opposed to the defendant, moves for judgment on the pleadings, instead of asking whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, [the Court] ask[s] whether the plaintiff's petition, stripped of those allegations which are denied by the defendant's answer, would leave the petition stating a cause of action against the defendant." *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); 61A Am. Jur. 2d *Pleading* § 497) (citation modified). After accepting the answer's well-pleaded

allegations as true and construing the pleadings and exhibits in a light most favorable to the defendant, "the motion may be granted only if the [plaintiff] is nevertheless clearly entitled to judgment." *Id.* (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

## ANALYSIS

### I. Oral Argument

Plaintiffs request oral argument if it would assist the Court in analyzing the issues presented in their Motion. (ECF No. 15, PageID 585, 606.) Local Civil Rule 7.1(b)(2) provides for oral argument where it "is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S.D. Ohio Civ. Rule 7.1(b)(2). The Court has reviewed the parties' briefs, which address the issues presently before the Court extensively, and finds that oral argument is not necessary. *See Whitescarver v. Sabin Robbins Paper Co.*, No. C-1-03-911, 2006 WL 2128929, at *2 (S.D. Ohio July 27, 2006) (Dlott, J.) ("Local Rule 7.1(b)(2) leaves the Court with discretion whether to grant a request for oral argument."). The Court will decide Plaintiffs' Motion for Partial Judgment on the Pleadings (ECF No. 15) on the papers.

### II. Choice of Law

As a preliminary matter, the Court must determine which state's laws apply in this diversity action. The parties agree that Tennessee law applies to the interpretation and application of the insurance policies at issue. (ECF No. 15, PageID 595; ECF No. 17, PageID 624; ECF No. 1-14, PageID 532 n.2 (noting Tennessee is where the insurance policy was issued); *see also Asp v. Toshiba Am. Consumer Prods., LLC*, 616 F. Supp. 2d 721, 726 (S.D. Ohio 2008) (Holschuh, J.) (citing *GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th

Cir. 1998)) ("When parties acquiesce to the application of a particular state's law, courts need not address choice of law questions.").

## III. Plaintiffs' Motion for Partial Judgment on the Pleadings

Plaintiffs move for partial judgment on the pleadings, arguing that Hanover refused to honor its duty to defend Plaintiffs against third-party employment litigation. (ECF No. 15, PageID 587.) As such, Plaintiffs ask the Court to issue the following declaratory judgments:

> Hanover had a duty to defend Sam Dong against the Charge of Discrimination under the 2019-20 Policy;
>
> Hanover had a duty to defend Sam Dong against the Delaware County Action under the 2019-20 Policy;
>
> Hanover has a present duty to defend Sam Dong against the Franklin County Action under the 2019-20 Policy;
>
> Hanover had a duty to defend Mark Watkins and Tracy Pabst against the Delaware County Action under the 2020-21 Policy;
>
> Hanover has a present duty to defend Mark Watkins and Tracy Pabst against the Franklin County Action under the 2020-21 Policy;
>
> Hanover had a duty to defend Randy Kaiser against the First Amended Complaint in the Delaware County Action under the 2021-22 Policy; and
>
> Hanover has a present duty to defend Randy Kaiser against the Franklin County Action under the 2021-22 Policy.

(*Id.* PageID 606.)

Hanover advances several arguments in response. (ECF No. 17.) First, Hanover says Plaintiffs' request for judgment on the pleadings must be denied because Hanover denied the allegations related to Plaintiffs' declaratory judgment claim and included relevant affirmative defenses in its Answer. (*Id.* PageID 625–26.) Hanover also argues that Plaintiffs failed to provide timely notice of Mr. Ekleberry's January 2019 Letters and Charge of Discrimination and made misrepresentations in an application submitted to Hanover. (*Id.* PageID 628–33.) Finally,

Hanover posits that Plaintiffs are not entitled to coverage for the same claim under successive claims-made policies. (*Id.* PageID 626–28.)

The Court agrees with Hanover that its affirmative defense allegations preclude granting Plaintiffs' Motion here. In its Answer, Hanover pled affirmative defenses that implicate disputes as to whether it has a duty to defend Plaintiffs against Mr. Ekleberry's Charge of Discrimination, Delaware County Action, and Franklin County Action. For example, Hanover alleges that (1) "Plaintiffs did not comply with the notice requirements of the Policies," (2) "Plaintiffs have breached the Policies by making misrepresentations and omissions in their applications for coverage," and (3) "Plaintiffs have breached the Policies by not providing Defendant with the assistance, information and cooperation Defendant has required." (ECF No. 11, PageID 570–71; ECF No. 17, PageID 625–26.) Given these allegations, it would be premature to enter judgment in favor of Plaintiffs. *See Ironshore Indem., Inc. v. Evenflo Co., Inc.*, No. 3:21-cv-241, 2022 WL 1547859, at *1–2 (S.D. Ohio Apr. 13, 2022) (Newman, J.) (denying plaintiff's motion for judgment on the pleadings seeking a declaratory judgment addressing the parties' liabilities and rights under an insurance contract to "ensure that the Court reviews these arguments only after appropriate discovery has been completed" and "guarantee that the Court's consideration of the parties' arguments is not premature"); *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)) ("A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'").

In reply, Plaintiffs argue that "an insurance company's duty to defend depends solely on the allegations contained in the underlying complaint describing acts or events covered by the policy of insurance" under Tennessee law. (ECF No. 18, PageID 636–37.) At the same time,

though, genuine disputes of material fact can preclude the Court from entering judgment on this issue. *See Bar Plan Mut. Ins. Co. v. L. Off. of Rachel Zamata, LLC*, No. 3:19-cv-00166, 2020 WL 2992037, at *2 (M.D. Tenn. June 4, 2020) (quoting *Sulphuric Acid Trading Co. v. Greenwich Ins. Co.*, 211 S.W.3d 243, 248 (Tenn. Ct. App. 2006)) (noting that "[w]hile the duty to defend 'can be resolved by summary judgment when the relevant underlying facts are not in dispute,'" summary judgment must be denied if a material fact is clearly disputed); *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007) ("Issues regarding an insurer's duty to defend are matters of law and may be resolved by summary judgment when there are no genuine issues as to any material fact.")

Hanover also asserts that Plaintiffs' Motion asks the Court to prematurely determine that the January 2019 Letters do not constitute a claim such that Plaintiffs were not required to report them under the 2018–2019 policy. (ECF No. 17, PageID 629–30, 632–33; *see* ECF No. 15, PageID 588, 602–06 (Plaintiffs argue in Motion that the January 2019 Letters were not a claim first made during the 2018–2019 policy).) The 2018–2019 policy defines "Employment Claim" as any "[w]ritten demand first received by an Insured for monetary or non-monetary relief including a written demand for reinstatement, reemployment, re-engagement or injunctive relief." (ECF No. 1-1, PageID 68.) Case law instructs that "a writing phrased as a 'request' . . . can constitute a 'demand' where it is a request to do a particular thing specified under a claim of right." *First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 15-cv-2235-SHL-dkv, 2017 WL 2954716, at *11 (W.D. Tenn. June 23, 2017), *aff'd*, 742 F. App'x 905 (6th Cir. 2018), (quoting *Weaver v. Axis Surplus Ins. Co.*, No. 13-CV-7374 (SJF)(ARL), 2014 WL 5500667, at *8 (E.D.N.Y. Oct. 30, 2014)). Further, a "demand need not expressly demand payment if by implication its meaning is clear." *Id.* Hanover highlights that the January 2019 Letters state Mr.

Ekleberry's intention to assert disability discrimination claims against Sam Dong Ohio, provide contact information to engage in pre-litigation settlement discussions, and require Sam Dong Ohio to preserve relevant evidence. (ECF No. 17, PageID 618–19, 632; *see also* ECF No. 1-5.) Taking all of this together, the Court agrees with Hanover that it would be premature to conclude the January 2019 Letters do not qualify as an "Employment Claim," as Plaintiffs urge the Court to do.

The Court concludes that Plaintiffs are not entitled to judgment on the pleadings and **DENIES** Plaintiffs' Motion. (ECF No. 15.) Hanover's recently-filed Motion for Judgment on the Pleadings (ECF No. 22) remains pending and will be addressed by a separate Opinion and Order.

## CONCLUSION

For the reasons above, the Court **DENIES** (ECF No. 15) Plaintiffs' Motion for Judgment on the Pleadings (Partial). This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| 9/24/2026 | s/Edmund A. Sargus, Jr. |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |